R. TODD LUOMA (Cal. State Bar No. 140066)
BETTY J. WILLIAMS (Cal. State Bar No. 224793)
Law Office of Williams & Associates, PC
3600 American River Drive, Suite 135
Sacramento, California 95864
(916) 488-8501
(916) 488-8196 fax
todd@williamstaxlaw.com
betty@williamstaxlaw.com

Attorneys for Petitioners

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS VRAME and DEMETRA E. VRAME,<br><br>              Petitioners,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | Case No.<br><br>PETITION TO QUASH INTERNAL REVENUE SERVICE THIRD-PARTY SUMMONS<br><br>Section 7609(b), Title 26 of the United States Code |

**PETITION TO QUASH**
**INTERNAL REVENUE SERVICE THIRD-PARTY SUMMONS**

COMES NOW petitioners, Chris Vrame and Demetra E. Vrame, by and through their attorneys, and petitions this Court to quash two administrative summonses issued by the Internal Revenue Service to First Northern Bank and Five Star Bank, stating and alleging as follows:

1. This Court has jurisdiction to hear this petition pursuant to the provisions of Section 7609(h) of the Internal Revenue Code (Title 26 of the United States Code)(hereafter referred to as "the Code"). The summonsed parties are First Northern Bank and Five Star Bank. The two financial institutions do business in the Eastern District of California.

2. This Court also has jurisdiction of this case pursuant to the provisions of Section 1340

1

PETITION TO QUASH INTERNAL REVENUE SERIVCE THIRD-PARTY SUMMONSES

of Title 28 of the United States Code.

3.  Petitioners reside within the Eastern District of California.

4.  Respondent is the United States of America, for and on behalf of the Internal Revenue Service of the Department of the Treasury.

5.  Revenue Agent Lori M. O'Brien (hereafter referred to as "Revenue Agent O'Brien") is an employee of the Internal Revenue Service. On or about February 3, 2022, Revenue Agent O'Brien prepared and signed four administrative summonses to be served on First Northern Bank in Dixon, California; on Five Star Bank in Roseville, California; on J.P. Morgan Chase in Monroe, Louisiana; and on Wells Fargo Bank in Phoenix, Arizona. The summonses were prepared in connection with the federal income tax liabilities of petitioners for tax year 2017. The summonses purportedly sought bank records for petitioners. Two of the summonses, to J.P. Morgan Chase and Wells Fargo Bank are not being challenged since petitioners have personal accounts at those financial institutions. The summonses to First Northern Bank and Five Star Bank, however, seek records of other taxpaying entities and not the personal bank records of petitioners. Consequently, petitioners only challenge the summonses issued to First Northern Bank and Five Star Bank. It is unknown when Revenue Agent O'Brien served the summonses on the financial institutions. Attached as Exhibits A (First Northern Bank) and B (Five Star Bank) are copies of the two summonses being challenged.

6.  Each of the summons require the financial institutions "to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning" petitioners for "the calendar period ending December 31, 2017."

7.  Both First Northern Bank and Five Star Bank are "third-party recordkeeper" institutions as that term is defined in Section 7603(b)(2)(A) of the Code.

8.  Revenue Agent O'Brien did not give notice of the issuance of the summonses to petitioners pursuant to the provisions of Section 7609(a)(1) of the Code, which requires that the

Internal Revenue Service, at a minimum, give petitioners notice of the summons at his/her last known address within three days of service of the summonses, and no later than the 23rd day before the day fixed for the production of documents as set forth in the summonses. The records do not establish that Revenue Agent O'Brien served petitioners with notice of the summonses. Moreover, to the extent that Revenue Agent O'Brien served petitioners' representatives (certified public accountants), it was not until on or about February 9, 2022, which is more than three days after the summonses were dated. Thus, Revenue Agent O'Brien did not meet the notice requirements set out in Section 7609(a)(1) of the Code.

9. During the course of the audit, petitioners produced their personal bank statements and related documents in connection with tax year 2017. Thus, to the extent the summonses seek personal bank records, the Internal Revenue Service already has those records in its possession. Therefore, the summonses seeking personal bank records represent an overreach by the Internal Revenue Service since the summonses were seeking documents already produced by petitioners in the audit.

10. According to petitioners' accountants, the focus of the audit is on petitioners' loss carryforwards and business interest expense for 2017.

11. After receiving copies of the summonses to First Northern Bank and Five Star Bank, at which petitioners did not have personal accounts, petitioners' accountants advised Revenue Agent O'Brien that First Northern Bank and Five Star Bank only had business accounts of separate taxpaying entities at which petitioner Chris Vrane worked or managed. According to petitioners' accountants, when Revenue Agent O'Brien was advised that only business accounts of other taxpaying entities were located at First Northern Bank and Five Star Bank, Revenue Agent O'Brien advised the accountants that she did not intend to seek production of business-related accounts. The accountants transmitted such information to representatives of the financial institutions. Thereafter, at an unknown date, Revenue Agent O'Brien "changed her mind" and wanted all business-related bank records, even though such records are not related to the audit of petitioners' 2017 federal income tax return.

12. Revenue Agent O'Brien has not articulated a reason in the summonses at issue or otherwise how the business records of other taxpaying entities are relevant to the audit of petitioners' 2017 federal income tax return. Consequently, the summonses are not for a proper purpose.

13. The summonses are invalid or improper for the following reasons and should be quashed:

a. The notice provisions of Section 7609(a)(1) of the Code were not met.

b. The seeking of other taxpayers' bank records in connection with the audit of petitioners' 2017 federal income tax return is not a proper purpose for the summonses.

WHEREFORE, petitioners, by and through their attorneys, prays that the summonses at issue in this case be quashed and for all such other just and proper relief to which he is entitled.

Respectfully submitted,

CHRIS VRANE and DEMETRA E. VRANE

Dated: March 8, 2022

by /s/ R. Todd Luoma
R. TODD LUOMA
Law Office of Williams & Associates, PC
3600 American River Drive, Suite 135
Sacramento, California 95864
(916) 488-8501
(916) 488-8196 fax
todd@williamstaxlaw.com

by /s/ Betty J. Williams
BETTY J. WILLIAMS
Law Office of Williams & Associates, PC
3600 American River Drive, Suite 135
Sacramento, California 95864
(916) 488-8501
(916) 488-8196 fax
betty@williamstaxlaw.com