UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS VRAME and DEMETRA E. VRAME,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 2:22-mc-00104-MCE-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT PETITIONERS' PETITION TO QUASH BE DISMISSED AND RESPONDENT'S MOTION TO DISMISS BE GRANTED<br><br>ECF Nos. 1 & 9<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Petitioners Chris Vrame and Demetra E. Vrame are currently under investigation by the Internal Revenue Service ("IRS") for unpaid taxes and have petitioned the court to quash two IRS summonses issued to their financial institutions, Five Star Bank and First Northern Bank. ECF No. 1. Respondent United States of America has filed a motion to dismiss on the grounds that the petition to quash fails both for lack of subject matter jurisdiction and on the merits. ECF No. 9. Petitioner opposed respondent's motion, and respondent filed a reply. ECF Nos. 10 & 11. The parties appeared for a hearing on May 26, 2022. ECF No. 12. Having considered the parties' filings and arguments, I agree with respondent that jurisdiction is lacking and recommend that the motion to dismiss be granted and that the petition to quash be dismissed.

**Background**

The IRS is attempting to determine petitioners' income tax liabilities for the tax year

2017. During this investigation, IRS Revenue Agent Lori O'Brien reviewed bank statements provided by petitioners that reflected, among other things, "bank accounts at Five Star Bank [and] First Northern Bank" as well as "unknown and excess sources of deposits." ECF No. 9-1 ¶¶ 4-5. Suspecting that petitioners had unreported income, the revenue agent requested that they provide supporting documentation concerning "the source of the funds" for the unknown deposits. *Id.* ¶¶ 5-6.

After petitioners failed to furnish sufficient responsive documents, Agent O'Brien issued third-party summonses to First Northern Bank and Five Star Bank seeking the following for December 1, 2016, through January 31, 2018:

> all books, papers, records, and other data concerning all accounts in which [either petitioner] is identified as having any ownership, interests, signatory privileges, rights to make withdrawals, or for which [either petitioner] is shown as the trustee, co-signer, guardian, custodian, administrator, and/or beneficiary.

ECF No. 1-2; ECF No. 1-3; ECF No. 9-1 ¶ 6. The summonses specify that the records sought "may pertain to an individual, sole proprietor with DBA, member of LLC, officer and/or board member of corporation, partner of general partnership, limited partnership and/or trust." EFC Nos. 1-2 & 1-3.

The revenue agent issued the summonses on February 4, 2022, and served each bank with their summons by certified mail on February 7, 2022. ECF No. 1-2 at 1; ECF No. 1-3 at 1; ECF No. 9-1 ¶¶ 6-7; ECF No. 9-2 at 2, 5. Notice of the summonses was also sent by certified mail to petitioners on February 7, 2022. ECF No. 9-1 ¶ 8; ECF No. 9-2 at 3-4, 6-7. Petitioners received the notice on February 9, 2022. *Id*.

The compliance date listed on the summonses is March 7, 2022. ECF No. 1-2 at 1; ECF No. 1-3 at 1. Agent O'Brien states in her declaration that she has not received responsive documents from either bank. ECF No. 9-1 ¶ 13.

On March 9, 2022, petitioners initiated this proceeding by filing a petition to quash the two third-party summonses. In support, petitioners contend that the summonses are procedurally defective because the IRS failed to provide the requisite notice. Petitioners further complain that the scope of the summonses improperly encompasses business accounts "of other taxpaying

entities," arguing that such business-related documents have no bearing on the IRS's determination of their 2017 tax liability, and that to the extent the summonses seek their personal bank account records, they have already provided their personal bank statements to the IRS. ECF No. 1.

Respondent filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) on the ground that jurisdiction is lacking because the petition to quash is untimely. Respondent further asserts that even if jurisdiction existed, the court should still deny the petition and order enforcement because the summonses were issued in good faith pursuant to *United States v. Powell*, 379 U.S. 48, 57-58 (1964). ECF No. 9.

Petitioners' counter that their confusion about the "intent" of the summonses led to the untimely filing, accusing Agent O'Brien of making contradictory statements concerning whether the banks were required to produce business-related records. ECF No. 10 at 2. Respondent argues in the reply that petitioners' excuse lacks support and that, in any event, there is no showing of bad faith. ECF No. 11.

**Legal Standard**

Under 26 U.S.C. § 7602, the IRS has "broad latitude to issue summonses '[f]or the purpose of ascertaining the correctness of any [tax] return, making a return where none has been made, determining the liability of any person for any interest revenue tax or . . ., or collecting any such liability.'" *United States v. Clarke*, 573 U.S. 248, 250 (2014) (quoting 26 U.S.C. § 7602(a)) (alterations in original)). When issued to a third party, the IRS must give notice to the taxpayer under investigation who is identified in the summons. 26 U.S.C. § 7609(a)(1). If sent by certified or registered mail, notice is deemed given when it is mailed. *Stringer v. United States*, 776 F.2d 274, 276 (11th Cir. 1985) (citing 26 U.S.C. § 7609(a)(2)).

A taxpayer identified in a third-party summons may file a motion to quash in federal court so long as the motion is filed within "twenty days from the date of notice." *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985) (citing 26 U.S.C. § 7609(b)(2)(A)). The Ninth Circuit in *Ponsford* held that the twenty-day filing requirement under Section 7609(b)(2)(A) is jurisdictional and "must be strictly construed." *Ponsford*, 771 F.2d at 1309 (noting that the

1  twenty-day filing deadline is a condition precedent to the government's waiver of sovereign
2  immunity).[1]

3        If the IRS moves to dismiss and seeks enforcement of the summons, the government must
4  make a showing of good faith by satisfying what are known as the *Powell* factors: (1) that the
5  IRS's investigation has a legitimate purpose; (2) that the information requested in the summons is
6  relevant to that purpose; (3) that the requested records are not already in the IRS's possession;
7  and (4) that the IRS followed the Internal Revenue Code's administrative steps. *Powell*, 379 U.S.
8  at 57-58.

9        Because an IRS summons enforcement proceeding is "summary in nature," the district
10 court's inquiry is limited to whether the IRS issued the summons in good faith; the court "must
11 eschew any broader role of oversee[ing] the [IRS's] determinations to investigate." *Clarke*, 573
12 U.S. at 254 (quotations and citation omitted; alterations in original). Accordingly, "[t]he
13 government's burden is a slight one, and may be satisfied by a declaration from the investigating
14 agent that the *Powell* requirements have been met." *Crystal v. United States*, 172 F.3d 1141, 1144
15 (9th Cir. 1999) (quotation marks and citation omitted). Once the government has made the
16 requisite showing under *Powell*, the taxpayer challenging the summons carries the "heavy"
17 burden of showing that the summons was issued in bad faith or for an improper purpose. *Liberty*
18 *Fin. Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985) (citation omitted). The taxpayer
19 "must allege specific facts and evidence" to disprove the government's assertions. *Id.* (citation
20 omitted); *see also Clarke*, 573 U.S. at 254 ("Naked allegations of improper purpose are not
21 enough: The taxpayer must offer some credible evidence supporting his charge.").

**Discussion**

23       Pursuant to *Ponsford*, the question of whether the court has jurisdiction over this action

---

[1] A party may file a legal action against the United States only to the extent the government waives its sovereign immunity. *Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995). "Section 7609(b)(2) constitutes the government's consent to waive sovereign immunity and subject itself to a legal challenge in court." *Mollison v. United States,* 568 F.3d 1073, 1075 (9th Cir. 2009). As such, the twenty-day filing requirement for a motion to quash under 26 U.S.C. § 7609(b)(2)(A) must be "strictly observed and exceptions thereto are not to be implied." *Id.* (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957) (quotations omitted)).

hinges on the timeliness of the petition to quash: if petitioners failed to comply with the twenty-day filing deadline under 26 U.S.C. § 7609(b)(2)(A), dismissal for lack of jurisdiction is required. *See Ponsford*, 771 F.2d at 1309.

To the extent petitioners maintain that the IRS failed to satisfy the notice requirement under 26 U.S.C. § 7609(a)(1), their assertion is baseless. *See* ECF No. 1 ¶ 8. Agent O'Brien's declaration and the accompanying certified receipts establish that notice was given on February 7, 2022, when it was mailed to petitioners by certified mail. Petitioners received it on February 9, 2022. ECF No. 9-1 ¶ 8; ECF No. 9-2 at 3-4, 6-7. Given this timeline, the last day for petitioners to move to quash fell on February 28, 2022.[2] Accordingly, the petition to quash is time barred as it was filed nine days late, on March 9, 2022.

The court notes, however, that the Supreme Court in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990), held that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." 498 U.S. at 95-96. Some district courts in the Ninth Circuit have relied on *Irwin* to conclude that the twenty-day filing deadline under 26 U.S.C. § 7609(b)(2)(A) is subject to tolling and therefore is not jurisdictional. *See*, *e.g.*, *McIndoo v. United States*, 2016 WL 1597107, at *2 (C.D. Cal. Jan. 12, 2016), report and recommendation accepted, 2016 WL 1588481 (C.D. Cal. Apr. 19, 2016); *Mackenzie v. United States*, 1999 WL 1001598, at *2 (E.D. Cal. Oct. 4, 1999); *Mack v. I.R.S.*, 1995 WL 556628, at **2-3 (E.D. Cal. Sept. 20, 1995).

Although petitioners do not explicitly raise an equitable tolling claim, they nevertheless argue that the court has jurisdiction because the filing delay was caused by confusion arising from the revenue agent's contrary statements about the necessity to produce business account records. *See* ECF No. 10 at 2. Specifically, petitioners allege the following: after the summonses were issued to First Northern Bank and Five Star Bank, Agent O'Brien spoke with petitioners'

---

[2] Because the twentieth day after mailing was Sunday, February 27, 2022, the filing deadline was extended to the following day. *See* 26 U.S.C. § 7503 ("When the last day prescribed under authority of the internal revenue laws for performing any act falls on Saturday, Sunday, or a legal holiday, the performance of such act shall be considered timely if it is performed on the next succeeding day which is not a Saturday, Sunday, or a legal holiday.").

1  accountant over the phone and stated that the IRS was not seeking business account records.
2  Subsequently, "[t]he accountant and/or petitioners advised the banks that . . . business records
3  were not being sought." ECF No. 10 at 2.  Later, however, during a conversation with a
4  representative of First Northern Bank, Agent O'Brien stated that "the IRS had changed its mind"
5  and that the summonses did in fact seek business account records. *Id.*  Petitioners assert that,
6  based on the foregoing, they "were delayed in engaging counsel to file a petition to quash the
7  summonses." ECF No. 10 at 2.

8  Equitable tolling is applied "only sparingly." *Irwin*, 498 U.S. at 96.  To qualify, a party
9  must show (1) that he or she acted diligently and (2) that "some extraordinary circumstance stood
10 in [the party's] way." *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012)
11 (citations omitted) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Under the
12 circumstances here, even if the court assumes for purposes of this recommendation that equitable
13 tolling is available and construes the above allegations as a request to equitably toll the twenty-
14 day filing deadline, petitioners have failed to demonstrate that their filing delay should be
15 excused.

16 While petitioners blame the untimely filing on the revenue agent's alleged conflicting
17 statements concerning business account records, they offer only unsubstantiated and vague
18 allegations in support.  Petitioners did not submit personal declarations attesting to any facts, nor
19 did they provide declarations from their accountant or the representative of First Northern Bank.
20 Instead, they attached a copy of an email sent by petitioner Chris Vrame to his attorney on March
21 7, 2022, apprising the attorney about the purported conversations that had taken place with Agent
22 O'Brien, including that: petitioners' accountant "questioned [the summonses] and received a
23 verbal response from [the revenue agent] that she was not seeking [documents from] the business
24 accounts"; the revenue agent later told a representative from First Northern Bank that "they have
25 changed their minds and want everything"; and petitioners' accountant then called the revenue
26 agent who "confirmed that they had changed their minds." ECF No. 10 at 4.  This email—sent
27 after the twenty-day deadline expired—not only consists of hearsay statements, but it fails to
28 establish that petitioners acted diligently when responding to the summonses.  In particular,

1    petitioners do not reference any dates when describing the purported sequence of events,
2    including when Agent O'Brien made the alleged statements that caused confusion. On this
3    record, petitioners' unfounded assertions fall short of meeting the equitable tolling standard.

4        The court notes that even if equitable tolling applied, however, the petition to quash would
5    still be denied because respondent has satisfied the *Powell* factors. First, the summonses were
6    issued for the legitimate purpose of investigating petitioners' tax liabilities for 2017, namely to
7    determine the source of funds for various excess deposits and whether petitioners underreported
8    their income. ECF No. 9-1 ¶¶ 4-6. The IRS may use its summons authority "merely on
9    suspicion that the law is being violated, or even just because it wants assurance that it is not."
10   *Powell*, 379 U.S. at 57 (quoting *United States v. Morton Salt Co.,* 338 U.S. 632, 642-43 (1950)).

11       Next, concerning the relevance requirement, the IRS is authorized "to obtain items of even
12   *potential* relevance to an ongoing investigation." *United States v. Arthur Young & Co.*, 465 U.S.
13   805, 814 (1984) (emphasis in original). Respondent has satisfied the second *Powell* factor
14   because the summonses are directed at accounts in which petitioners have ownership interests,
15   signatory privileges, rights to make withdrawals, or fiduciary or beneficiary privileges, as records
16   from such accounts could reflect additional sources of income. *See* ECF Nos. 1-2 & 1-3. In
17   particular, the requested documents are potentially relevant because they may shed light on
18   "whether any of the third-party entities where the Petitioners manage business accounts are the
19   source of the Petitioners' excess deposits," and in turn the accuracy of petitioners' 2017 tax
20   liability. ECF No. 9 at 6-7.

21       The third *Powell* factor is met because Agent O'Brien confirms in her declaration that the
22   information sought in the summonses is not already in the possession of the IRS. ECF
23   No. 9-1 ¶ 9. Petitioners concede that the IRS does not have records from business accounts, and
24   to the extent petitioners have already provided documentation from their personal bank accounts,
25   the IRS is still permitted to obtain records from third parties to determine the accuracy of any
26   previously-produced documents. *See, e.g.*, *Chen v. United States*, 2015 WL 4545407, at *3 (C.D.
27   Cal. Apr. 20, 2015), report and recommendation accepted, 2015 WL 3766764 (C.D. Cal.
28   June 16, 2015).

Finally, respondent has satisfied the fourth *Powell* factor, as Agent O'Brien's declaration states that the IRS followed all of the administrative steps required by the Internal Revenue Code when issuing the summonses. ECF No. 9-1 ¶ 10. And as discussed above, the evidence establishes that the IRS properly served the summonses and provided notice.

Because respondent has made a good faith showing under *Powell*, the burden shifts to petitioners to show an abuse of process. Petitioners have not met this heavy burden, as they have failed to provide any argument or evidence reflecting that the IRS issued the summonses in bad faith. Accordingly, even if the petition to quash were timely, dismissal would still be appropriate under *Powell*.

Based on the foregoing, because petitioners' late filing deprives the court of jurisdiction, I recommend that the petition to quash be dismissed.

**Recommendation**

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 9, be granted.

2. Petitioners' petition to quash, ECF No. 1, be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 11, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE